**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Plaintiff,

v.                          Case No. 8:25-cv-2265-KKM-NHA

KEVIN E. COCHRAN et al.,

     Defendants.

_____

**<u>ORDER</u>**

State Farm Mutual Automobile Insurance Company sues for a declaratory judgment that it is not obligated to defend or indemnify Kevin Cochran, Virginia Cochran, or the Estate of Joseph Milton Cochran for any claims arising out of a car accident that occurred on January 10, 2023. *See* 2d Am. Compl. (Doc. 44) ¶¶ 17–20; *id.* at 9 (Plea for Relief). On February 5, 2026, I directed State Farm to show cause why I should not dismiss its claim for lack of jurisdiction. (Doc. 55). After consideration of State Farm's paper, I dismiss its claim for lack of subject matter jurisdiction. *See* Resp. to Order to Show Cause (Resp.) (Doc. 56). I also grant State Farm's motions to dismiss Kevin and Virginia Cochran's separate counterclaims.

On January 10, 2023, there was a vehicle collision between Kevin Cochran, Jessica Santibanez, and Yasmine Torres, each of whom is a defendant in this declaratory judgment action. 2d Am. Compl. ¶ 14. Afterwards, Kevin Cochran made a claim under an insurance policy with State Farm. *Id.* ¶ 15. On April 3, 2024, Santibanez and Torres sued Virigina Cochran, Kevin Cochran, and Joseph Cochran, who is deceased, in state court. *Id.* ¶ 16. State Farm provides defense counsel to the Cochrans in this underlying suit. *See id.* ¶ 17. On August 25, 2025, State Farm filed its declaratory judgment action in this Court. (Doc. 1).

On November 6, 2025, Virginia Cochran timely filed an answer and a counterclaim against State Farm for breach of contract. Virginia's Answer & Countercl. (Doc. 33). State Farm moves to dismiss the counterclaim. MTD (Doc. 38). Kevin Cochran and the Estate of Joseph Cochran are in default. *See* (Docs. 30, 51). Nonetheless, Kevin Cochran filed an untimely answer and counterclaim against State Farm for breach of contract, which mostly mirrors Virginia Cochran's counterclaim. Kevin's Answer & Countercl. (Doc. 34). State Farm moves to strike Kevin Cochran's untimely answer and counterclaim, or in the alternative, to dismiss the counterclaim. Mot. to Strike or Dismiss (MTSD) (Doc. 39). Neither Virginia nor Kevin Cochran responds to State Farm's motions. I treat the motions as unopposed. *See* Local Rule 3.01(d).

2

State Farm brings its declaratory judgment action under diversity jurisdiction. 2d Am. Compl. ¶ 9. To invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (citation omitted). When jurisdiction is based on a claim for indeterminate damages, like here, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Id.*

State Farm contends that the declaratory judgment claim meets the minimum because the underlying insurance policy provides for up to $50,000 in coverage and State Farm is accruing unidentified amounts of legal fees while providing a defense to the Cochrans. *See* 2d Am. Compl. ¶ 9; Resp. at 5. To meet the amount in controversy minimum, State Farm cannot rely on the $50,000 it *might* be required to pay if the Cochrans are found liable in the underlying suit. *See Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut.*

3

*Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960)[1]; *Sullivan v. Everett Cash Mut. Ins. Co.*, No. 19-11943, 2023 WL 1521579, at *4 (11th Cir. Feb. 3, 2023) (per curiam) ("[I]n this circuit, a declaratory judgment claim with respect to indemnification is generally not ripe until (and if) the insured has been held liable to a third party."); *see also Sullivan*, 2023 WL 1521579, at *4 ("[A] claim that is not ripe . . . has a value of zero for amount-in-controversy purposes."). State Farm provides no reason to doubt this precedent. *See generally* Resp.

Although State Farm correctly argues that the costs of providing a defense are considered for purposes of diversity jurisdiction, *see* Resp. at 3, it fails to prove by a preponderance of the evidence that its defense costs alone meet the jurisdictional minimum, *see* Resp. at 5 (stating that State Farm's defense costs could foreseeably exceed $35,000 before later averring that "legal fees may alone exceed $75,000"). These conclusory statements prove nothing.

Thus, I dismiss State Farm's claim for declaratory relief for lack of subject matter jurisdiction. Because State Farm's claim is dismissed, the motion to strike Kevin Cochran's untimely answer is moot and I instead consider State Farm's alternative motion to dismiss Kevin Cochran's counterclaim.

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Cochrans' respective counterclaims are identical in every material way, and I jointly analyze the motions to dismiss them. *Compare* Virginia's Answer & Countercl. at 3, *with* Kevin's Answer & Countercl. at 3–4. State Farm argues that both should be dismissed for failure to state a claim. MTD at 11–13; MTSD at 16–19. Specifically, State Farm avers that both fail to properly plead a breach of the insurance contract because neither identifies which provision of the contract State Farm allegedly breached. *See* MTD at 11–12; MTSD at 17–18. Instead, the counterclaims improperly rely on conclusory allegations that State Farm "retroactively cancelled the Policy." *See* MTD at 12; MTSD at 17–18.

State Farm is correct. Both counterclaims are conclusory and fail to identify which provision State Farm allegedly breached. *See* Virginia's Answer & Countercl. at 3; Kevin's Answer & Countercl. at 3; *see, e.g., City of Delray Beach v. Sherman Williams Am. Legion, Post 188*, 358 So. 3d 440, 443 (Fla. 4th DCA 2023) (explaining that "a well-pled complaint alleging breach of a written contract must not only attach a copy of the contract but also make allegations as to which contractual provisions were breached" (citing *Dist. Bd. of Trs. of Miami Dade Coll. v. Verdini*, 339 So. 3d 413, 421 (Fla. 3d DCA 2022))); *Dish Network L.L.C. v. Fraifer*, No. 8:16-CV-2549-T-17TBM, 2017 WL 3701141, at *3 (M.D. Fla. July 21, 2017) (dismissing breach of contract counterclaims under

5

Florida law in part because they failed to identify the specific provisions breached).

Because Virginia and Kevin Cochran are each proceeding pro se, I grant them leave to file amended counterclaims. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). That said, it appears unlikely that their counterclaims, which are essentially the inverse of State Farm's now-dismissed claim, would exceed $75,000. Should they file any amended counterclaims, Virginia and Kevin Cochran should allege facts, if possible, that establish diversity jurisdiction.

Accordingly, it is **ORDERED**:

1. State Farm's Second Amended Complaint (Doc. 44) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk is directed to **TERMINATE** Jessica M. Santibanez, Yasmine P. Torres, and the Estate of Joseph Milton Cochran from this action. The Clerk is further directed to **TERMINATE** Virginia A. Cochran and Kevin E. Cochran **as defendants** in this action and State Farm **as a plaintiff** in this action.

3. State Farm's Motion to Dismiss Virginia Cochran' Counterclaim (Doc. 38) is **GRANTED in part**.

4.    State Farm's Motion to Strike Kevin Cochran's Answer and Counterclaim, or in the Alternative, to Dismiss the Counterclaim (Doc. 39) is **GRANTED in part.**

5.    Virginia Cochran and Kevin Cochran's respective Counterclaims (Docs. 33, 34) are **DISMISSED without prejudice** for failure to state a claim. Both Virginia and Kevin Cochran are granted leave to file, no later than **March 4, 2026**, amended counterclaims that allege sufficient facts to establish that I have jurisdiction over their claims. Failure to timely file amended counterclaims, or the filing of amended counterclaims that do not establish diversity jurisdiction, will result in the dismissal of their respective actions without prejudice.

**ORDERED** in Tampa, Florida, on February 18, 2026.

Kathryn Kimball Mizelle
United States District Judge

7